UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

NICOLAS BERMEO VARGAS, A-245-270-360,

Petitioner,

v.

WARDEN, CALIFORNIA CITY IMMIGRATON PROCESSING CENTER,

Respondent.

No. 1:26-cv-08896-DAD-CKD P

FINDINGS & RECOMMENDATIONS

Petitioner is detained by Immigrations and Customs Enforcement ("ICE") and proceeds without counsel seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241. This case was referred to the undersigned by operation of Local Rule 302(c)(17). The petition and respondent's answer are before the court. (ECF Nos. 1, 5.) No further briefing is necessary. For the reasons set forth below, the undersigned recommends the court grant the petition to the extent that respondent be ordered to provide petitioner a bond hearing before an immigration judge.

**I. Background**

Petitioner is a native of Colombia who last entered the United States at or near Tecate, California, on or about September 23, 2023. (ECF No. 5-3 at 1; ECF No. 5-1 at 4.) The record does not make clear whether immigration officials encountered petitioner upon or after that entry, but the record indicates petitioner has been once before placed in removal proceedings and the

Notice to Appear was declined for prosecution on that occasion. (ECF No. 5-1 at 3.)

In the present petition, petitioner alleges he was illegally seized in violation of the Fourth Amendment and unlawfully detained. (ECF No. 1 at 6-7.) He seeks release under reasonable conditions of supervision, or, alternately, an individualized bond hearing before an Immigration Judge (IJ) where the burden of proof rests on the government. (Id. at 7.)

Petitioner states he has been detained in immigration custody since July 15, 2026. (ECF No. 1 at 4.) However, respondent's evidence indicates that was the date of his recent criminal arrest and the date on which immigration officials encountered him in jail, having been arrested for a domestic violence offense. (ECF No. 5-1 at 2; ECF No. 5-4 at 5.) Petitioner was transferred to ICE custody on July 25, 2026. (Id. at 3.)

Also on July 25, 2026, petitioner was served with an administrative warrant and a Form I-862 Notice to Appear charging him as subject to removal under Section 212(a)(6)(A)(i) of the Immigration and Nationality Act (INA). (ECF Nos. 5-2, 5-3.)

Respondent filed an opposition to the petition. (ECF No. 7.) Respondent states the applicable detention authority is 8 U.S.C. § 1226(a) and does not oppose a bond hearing. (ECF No. 5.) Respondent states the petition should be denied to the extent petitioner seeks release. (Id.)

**II. Legal Standard**

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). A writ of habeas corpus may be granted to a petitioner in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas, 533 U.S. at 687.

**III. Discussion**

Petitioner was living in the United States when he was detained by immigration officials in August of 2026 and he is not subject to a final order of removal. The applicable detention authority is 8 U.S.C. § 1226. Rodriguez Vazquez v. Bostock, 183 F.4th 1160, 1165 (9th Cir. 2026) (holding that noncitizens present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226). Under § 1226(a), the government

has discretion whether to release or detain an individual, subject to "extensive procedural protections… including several layers of review of the agency's initial custody determination, an initial bond hearing before a neutral decisionmaker, the opportunity to be represented by counsel and to present evidence, the right to appeal, and the right to seek a new hearing when circumstances materially change." Rodriguez Diaz v. Garland, 53 F.4th 1189, 1202 (9th Cir. 2022).

Respondent has not explained why no review of petitioner's custody by an IJ has taken place. Petitioner was entitled to this process which should have already been provided. Habeas relief is warranted because petitioner is detained in violation of the INA, as codified at 8 U.S.C. § 1226(a). However, the court does not agree that the government bears the burden of proof at petitioner's bond hearing in this instance. See, e.g., Chateauneuf v. Chestnut, No. 1:26-CV-01073-DC-JDP (HC), 2026 WL 523695, at *5 (E.D. Cal. Feb. 25, 2026). The procedures of § 1226(a) apply to petitioner's claim predicated on statutory relief.

The undersigned recommends petitioner be provided a prompt post-deprivation bond hearing as the appropriate remedy rather than outright release because respondent may have a legitimate interest in petitioner's detention based on circumstances relating to the incident that preceded his recent criminal arrest prior to his present period of immigration detention. See, e.g., Chateauneuf, 2026 WL 523695, at *4 ("where the government adequately alleges that a changed circumstance warrants a petitioner's immigration detention, the proper remedy for a failure to provide a bond hearing is a post-deprivation bond hearing, not immediate release"); Singh v. Chestnut, No. 1:26-cv-00546-DJC-AC, 2026 WL 266021, at *2, 4 (E.D. Cal. Feb. 2, 2026) (ordering a post-deprivation bond hearing for a petitioner formerly released on his own recognizance and detained by ICE after an arrest where the government "may well have a legitimate interest in [p]etitioner's detention based on the information contained in the arrest report").

To the extent petitioner argues his arrest was unlawful under the Fourth Amendment, he is not entitled to habeas relief on such a basis. It appears petitioner may be referencing the circumstances of his recent criminal arrest rather than his seizure by immigration officials. Even

if petitioner was seized by immigration officials in violation of the Fourth Amendment, he is not entitled to further relief in this proceeding. See, e.g., Cabrera v. Hidalgo, et al., No. 1:26-CV-1101 (LMB/LRV), 2026 WL 2002085, at *2 (E.D. Va. June 18, 2026) ("Federal courts across the country… have reached a similar conclusion [that an individual is not entitled to habeas relief for a violation of] the Fourth Amendment"). Cf. Arias v. Rogers, 676 F.2d 1139, 1143 (7th Cir. 1982) (distinguishing illegal arrest from illegal detention in the context of removal proceedings and holding the purpose of habeas corpus is to test the legality of a detention rather than to substitute for a motion to suppress). Accordingly, petitioner should be granted relief for the statutory violation of the INA.

**IV. Recommendation**

For the reasons set forth above, IT IS RECOMMENDED as follows:

1. The petition for writ of habeas under 28 U.S.C. § 2241 be granted.
2. Respondent be ordered to provide petitioner a bond hearing before an Immigration Judge within fourteen (14) days of adoption of these findings and recommendations.
3. Judgment be entered in petitioner's favor and this case closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **five (5)** days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within **five (5)** days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: 11/13/26

Carolyn K. Delaney

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8 varg8896.mer